STEELMAN HARRIS, Jr., RESPONDENT, v. JOSEPH KLINE, APPELLANT.

Decided July 11, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the appellant, *Douglas V. Aitken.*

For the respondent, *Martin J. Greenblatt.*

PER CURIAM.

This was an action for personal injuries. The plaintiff, while driving his car on the main road between Bridgeton and Millville, was run into by a truck belonging to Kline, which was being driven by one Lounsbury. He was an employe of the defendant. The trial resulted in a verdict in favor of the plaintiff, the jury awarding him $684; and from the judgment entered on this award the defendant Kline has appealed.

The sole ground upon which the appeal is rested is that the trial court erroneously denied the defendant's motion for a verdict, which motion was rested upon the ground that the uncontroverted proofs in the case showed that the defendant's truck at the time of its collision with the plaintiff's car was not being used by the defendant's servant while engaged in the service of his employer, but solely for his own pleasure.

In the case of *Tischler* v. *Steinholtz,* 99 *N. J. L.* 152, Mr. Justice Trenchard, delivering the opinion of the Court of

Errors and Appeals, after stating that proof of the defendant's ownership of the car raised a presumption that the employe who was driving it was acting within the scope of his employment, then stated that this presumption might be overcome by uncontradicted proof to the contrary; and if so overcome by uncontradicted proof that the automobile was not being used by the servant within the scope of his employment, then that the motion for the direction of a verdict for the defendant owner should be granted, but that if the evidence is contradictory or reasonably subject to a contradictory interpretation, the question of liability is for the jury. In the present case the testimony of the defendant and of his employe was that the latter was driving the car for his own pleasure and not on the business of his employer. This testimony was uncontradicted and no attempt was made to impeach the credit of either witness. Consequently, under the doctrine of the cited case, we conclude that the motion for the direction of a verdict should have been granted.

The judgment under review will be reversed.