FRANK LE STRANGE, RESPONDENT, v. MAURICE KRIVIT,
APPELLANT.

WILLIAM HOWELL, RESPONDENT, v. MAURICE KRIVIT,
APPELLANT.

Submitted October 16, 1931—Decided January 20, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Carey & Lane*.

For the respondents, *Edward J. Madden* (*Thomas Mc-
Nulty*, of counsel).

PER CURIAM.

The appeals in both of these cases present the question as
to whether the presumption of law arising from the owner-
ship of an automobile that the car is in the possession and
control of such owner was rebutted by the proofs in the
present case.

The facts as established in the proofs were that the car of
the defendant, Krivit, while in the control and being operated
by a driver named Lester Bell, came into collision with a
motorcycle on which the plaintiffs were riding, that the col-
lision was due to the negligence of the drivers of the car, and
that the plaintiffs were injured as a result. From these facts

undoubtedly the presumption of control in the defendant arose.

To meet this presumption the defendant testified that his car was kept in the garage of one McKnight and was to be delivered by the garage to the defendant at his home each morning; that Bell was not his employe; that he did not pay him and that he was not in his service. To like effect was the evidence of Bell, the driver, who testified that he was employed by the garage, that he was not employed by the defendant and that he delivered the car as directed by the garage owner. This evidence, uncontradicted, we think, so clearly rebuts the presumption arising from the fact of ownership as to resolve the question into one of law for the court as such and not one for the court sitting as a jury. *Tischler* v. *Steinholtz,* 99 *N. J. L.* 149; *Harris* v. *Kline,* 151 *Atl. Rep.* 109.

The motion for direction of a verdict in favor of the defendant should have been granted and the judgment is reversed.